NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL TODD LEFF,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORP.;<br>et al.,<br><br>Defendants-Appellees. | No. 15-17465<br><br>D.C. No. 2:14-cv-02001-GMN-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Russell Todd Leff appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Leff's Fair Debt Collection Practices Act ("FDCPA") claim because Leff failed to allege facts sufficient to show that any defendant is debt collector within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citations and internal quotation marks omitted)).

We reject as unsupported by the record Leff's contention regarding alleged judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Leff's motions (Docket Entry Nos. 15, 16, 19, and 22) are denied.

**AFFIRMED.**

15-17465